IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

MARY FAULDS and
TY CARERUN,

    Plaintiffs,                          Civil Action No.: 3:21-cv-00274-RJC-DSC

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

    Defendant.
_____/

**DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S**
**ANSWER AND DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendant Portfolio Recovery Associates, LLC ("PRA"), by and through its undersigned counsel, answers Plaintiffs' Class Action Complaint ("Complaint") (D.E. 1) against it as follows:

Except as expressly admitted or qualified, PRA denies each and every allegation of the Complaint.

**AS TO NATURE OF THE ACTION**

1. With respect to Paragraph 1 of the Complaint, PRA admits that Plaintiffs purport to bring an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and North Carolina Debt Collection Action, N.C.G.S. § 75-50 *et seq.* ("NCDCA"), but PRA denies it violated the FDCPA or NCDCA, and denies that Plaintiffs are entitled to any damages claimed or relief sought in the Complaint, or that Plaintiffs have standing to bring this action.

2. PRA denies the allegations of Paragraph 2 of the Complaint.

3.      With respect to Paragraph 3 of the Complaint, PRA admits that Plaintiffs purport to bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, but denies it violated any law, and denies that Plaintiffs or the putative class are entitled to any damages claimed or relief sought in the Complaint, or that Plaintiffs have standing to bring this action. PRA further denies that class certification is appropriate in this matter.

## AS TO JURISDICTION AND VENUE

4.      PRA incorporates by reference its responses to Paragraphs 1 through 3 of the Complaint as though fully stated herein.

5.      With respect to Paragraph 5 of the Complaint, PRA admits that this Court appears to have federal subject matter jurisdiction but states that this matter may be subject to arbitration. PRA reserves the right to compel arbitration in this matter. PRA otherwise denies that it violated the FDCPA or NCDCA and denies that Plaintiffs or the putative class are entitled to any damages claimed or relief sought in the Complaint, or that Plaintiffs have standing to bring this action.

6.      PRA is without sufficient knowledge or information to admit or deny the allegations of Paragraph 6 of the Complaint at this time and, therefore, denies the allegations of Paragraph 6.

## AS TO THE PARTIES

7.      PRA is without sufficient knowledge or information to admit or deny the allegations of Paragraph 7 of the Complaint at this time and, therefore, denies the allegations of Paragraph 7.

8.      PRA is without sufficient knowledge or information to admit or deny the allegations of Paragraph 8 of the Complaint at this time and, therefore, denies the allegations of Paragraph 8.

9. PRA admits that it is a limited liability company existing under the laws of the State of Delaware and that its principal place of business is located at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502. PRA also admits that it is registered to do business in North Carolina. PRA denies any remaining allegations of Paragraph 9 of the Complaint.

10. PRA denies that it collects debts owed to others. PRA admits that, at times, it can be described as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and N.C.G.S. § 75-50(3), but denies it always meets these statutory definitions. After reasonable investigation, PRA lacks sufficient knowledge and information to form a belief as to whether it is a "debt collector" in this case, and thus denies the allegations of Paragraph 10 of the Complaint. PRA denies that it collects debts owed to others.

11. PRA denies that it collects debts owed to others. PRA admits that it acquires all rights, title, and interest in certain distressed accounts and then seeks to collect on those accounts on its own behalf. PRA is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 11 of the Complaint at this time and, therefore, denies these allegations of Paragraph 11.

12. PRA denies that it collects debts owed to others. PRA admits that it acquires all rights, title, and interest in certain distressed accounts and then seeks to collect on those accounts on its own behalf. PRA denies the remaining allegations of Paragraph 12 of the Complaint, as stated.

13. PRA denies that it collects debts owed to others. PRA admits that it acquires all rights, title, and interest in certain distressed accounts and then seeks to collect on those accounts on its own behalf. PRA further states that, in the course of its business it may, depending on the

circumstances of a given account, send letters, or use the telephone. PRA denies any remaining allegations of Paragraph 13 of the Complaint, as stated.

14. Based on a reasonable investigation, PRA admits that Plaintiffs owe amounts to PRA. PRA denies any remaining allegations of Paragraph 14 of the Complaint.

15. PRA is without sufficient knowledge or information to admit or deny the allegations of Paragraph 15 of the Complaint at this time and, therefore, denies the allegations of Paragraph 15.

16. PRA is without sufficient knowledge or information to admit or deny the allegations of Paragraph 16 of the Complaint at this time and, therefore, denies the allegations of Paragraph 16.

17. PRA is without sufficient knowledge or information to admit or deny the allegations of Paragraph 17 of the Complaint at this time and, therefore, denies the allegations of Paragraph 17.

18. PRA admits that it acquired all rights, title, and interest in Plaintiffs' distressed and past due accounts. PRA denies any remaining allegations of Paragraph 18 of the Complaint, as stated.

19. PRA admits that it acquired all rights, title, and interest in Plaintiffs' distressed and past due accounts. PRA denies any remaining allegations of Paragraph 19 of the Complaint, as stated.

20. PRA states that it is without sufficient knowledge or information concerning the unspecified correspondence Plaintiffs reference in Paragraph 20 of the Complaint to admit or deny the allegations of Paragraph 20 at this time and, therefore, denies the allegations of Paragraph 20.

21. PRA states that for certain types of correspondence, PRA uses a professional mail processing agent "medium" to perform automated printing and mailing tasks. PRA states that it is without sufficient knowledge or information concerning the unspecified correspondence Plaintiffs reference in Paragraph 21 of the Complaint to admit or deny the remaining allegations of Paragraph 21 at this time and, therefore, denies the remaining allegations of Paragraph 21.

22. PRA states that it is without sufficient knowledge or information concerning the unspecified correspondence Plaintiffs reference in Paragraph 22 of the Complaint to admit or deny the allegations of Paragraph 22 at this time and, therefore, denies the allegations of Paragraph 22.

23. PRA denies the allegations of Paragraph 23 of the Complaint.

24. PRA denies the allegations of Paragraph 24 of the Complaint.

25. PRA denies the allegations of Paragraph 25 of the Complaint.

26. PRA is without sufficient knowledge or information to admit or deny the allegations of Paragraph 26 of the Complaint at this time and, therefore, denies the allegations of Paragraph 26.

27. PRA is without sufficient knowledge or information to admit or deny the allegations of Paragraph 27 of the Complaint at this time and, therefore, denies the allegations of Paragraph 27.

28. PRA admits that Plaintiffs purport to define "Letters" as those referenced in the Complaint, but PRA is without sufficient knowledge or information to admit or deny any allegations concerning the referenced "Letters" at this time and, therefore, denies the allegations of Paragraph 28 of the Complaint.

29. PRA is without sufficient knowledge or information to admit or deny the allegations of Paragraph 29 of the Complaint at this time and, therefore, denies the allegations of Paragraph 29.

## AS TO THE CLASS ACTION ALLEGATIONS

30. PRA incorporates by reference its responses to Paragraphs 1 through 29 of the Complaint as though fully stated herein.

31. PRA admits that Plaintiffs purport to bring an action pursuant to Federal Rule of Civil Procedure 23 and that Plaintiffs purport to seek to represent a class of similarly situated individuals. PRA denies that the "NC Class" or "FDCPA Subclass" as defined by Paragraph 31 of the Complaint can be certified and further denies that class certification is appropriate in this action. PRA denies any remaining allegations of Paragraph 31.

32. PRA admits that Plaintiffs purport to bring an action pursuant to Federal Rule of Civil Procedure 23 and that Plaintiffs purport to seek to represent a class of similarly situated individuals and except certain other individuals. PRA denies that the classes as defined by Plaintiffs in the Complaint can be certified and further denies that class certification is appropriate in this action. PRA denies any remaining allegations of Paragraph 32 of the Complaint.

33. PRA denies the allegations of Paragraph 33 of the Complaint and further denies that class certification is appropriate in this action.

34. PRA denies the allegations of Paragraph 34 of the Complaint, including its subparts, and further denies that class certification is appropriate in this action.

35. PRA denies the allegations of Paragraph 35 of the Complaint and further denies that class certification is appropriate in this action.

36. PRA is without sufficient knowledge or information to admit or deny the allegations of Paragraph 36 of the Complaint and, therefore, denies the allegations of Paragraph 36. PRA further denies that class certification is appropriate in this action.

37. PRA is without sufficient knowledge or information to admit or deny the allegations of Paragraph 37 of the Complaint and, therefore, denies the allegations of Paragraph 37. PRA further denies that class certification is appropriate in this action.

38. PRA denies the allegations of Paragraph 38 of the Complaint and further denies that class certification is appropriate in this action.

## AS TO THE FIRST CAUSE OF ACTION
## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

39. PRA incorporates by reference its responses to Paragraphs 1 through 38 of the Complaint as though fully stated herein.

40. PRA admits that, at times, it can be described as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), but denies it always meets this statutory definition. After reasonable investigation, PRA lacks sufficient knowledge and information to form a belief as to whether it is a "debt collector" in this case, and thus denies the allegations of Paragraph 40 of the Complaint.

41. PRA admits that, at times, it can be described as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), but denies it always meets this statutory definition. After reasonable investigation, PRA lacks sufficient knowledge and information to form a belief as to whether it is a "debt collector" in this case, and thus denies the allegations of Paragraph 41 of the Complaint.

42. PRA is without sufficient knowledge or information to admit or deny the allegations of Paragraph 42 of the Complaint at this time and, therefore, denies the allegations of Paragraph 42. PRA further denies that the "Sub-Class" as defined by the Complaint can be certified and denies that class certification is appropriate in this action.

43. PRA is without sufficient knowledge or information to admit or deny the allegations of Paragraph 43 of the Complaint at this time and, therefore, denies the allegations of Paragraph 43. PRA further denies that the "Sub-Class" as defined by the Complaint can be certified and denies that class certification is appropriate in this action.

44. PRA denies that its use of a professional mail processing agent "medium" to perform automated printing and mailing tasks constitutes a "communication" as defined by 15 U.S.C. § 1692a(2). Accordingly, PRA denies the allegations of Paragraph 44 of the Complaint.

45. PRA states that 15 U.S.C. § 1692c(b) speaks for itself and denies any allegations in Paragraph 45 of the Complaint that are inconsistent therewith. PRA denies that it violated the FDCPA, and further denies that Plaintiffs or the putative class are entitled to the damages claimed or relief sought in the Complaint.

46. PRA denies the allegations of Paragraph 46 of the Complaint.

47. PRA denies the allegations of Paragraph 47 of the Complaint.

48. PRA denies the allegations of Paragraph 48 of the Complaint.

49. PRA denies the allegations of Paragraph 49 of the Complaint.

50. PRA denies the allegations of Paragraph 50 of the Complaint.

51. PRA denies the allegations of Paragraph 51 of the Complaint.

52. PRA denies the allegations of Paragraph 52 of the Complaint.

53. PRA denies the allegations of Paragraph 53 of the Complaint.

54. PRA states that 15 U.S.C. § 1692f speaks for itself and denies any allegations in Paragraph 54 of the Complaint that are inconsistent therewith. PRA denies that it violated the FDCPA, and further denies that Plaintiffs or the putative class are entitled to the damages claimed or relief sought in the Complaint.

55. PRA denies the allegations in Paragraph 55 of the Complaint.

56. PRA denies the allegations of Paragraph 56 of the Complaint.

57. PRA denies the allegations of Paragraph 57 of the Complaint.

**AS TO THE SECOND CAUSE OF ACTION**
**VIOLATIONS OF NORTH CAROLINA DEBT COLLECTION ACT**
**N.C.G.S. § 75-50, *et seq.***

58. PRA incorporates by reference its responses to Paragraphs 1 through 57 of the Complaint as though fully stated herein.

59. PRA admits that, at times, it can be described as a "debt collector" as that term is defined by N.C.G.S. § 75-50(3), but denies it always meets this statutory definition. After reasonable investigation, PRA lacks sufficient knowledge and information to form a belief as to whether it is a "debt collector" in this case, and thus denies the allegations of Paragraph 59 of the Complaint.

60. PRA is without sufficient knowledge or information to admit or deny the allegations of Paragraph 60 of the Complaint at this time and, therefore, denies the allegations of Paragraph 60. PRA further denies that the "North Carolina Class" as defined by the Complaint can be certified and denies that class certification is appropriate in this action.

61. PRA states that N.C.G.S. § 75-53 speaks for itself and denies any allegations in Paragraph 61 of the Complaint that are inconsistent therewith. PRA denies that it violated the

NCDCA, and further denies that Plaintiffs or the putative class are entitled to the damages claimed or relief sought in the Complaint.

62. PRA denies the allegations of Paragraph 62 of the Complaint.

63. PRA states that the NCDCA speaks for itself and denies any allegations in Paragraph 63 of the Complaint that are inconsistent therewith. PRA denies that it violated the NCDCA, and further denies that Plaintiffs or the putative class are entitled to the damages claimed or relief sought in the Complaint.

64. PRA denies the allegations of Paragraph 64 of the Complaint.

### AS TO THE THIRD CAUSE OF ACTION
### VIOLATION OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT, N.C.G.S. § 75-1.1

65. PRA incorporates by reference its responses to Paragraphs 1 through 64 of the Complaint as though fully stated herein.

66. PRA states that N.C.G.S. § 75-56(a) speaks for itself and denies any allegations in Paragraph 66 of the Complaint that are inconsistent therewith. PRA denies that it violated the NCDCA or the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1 ("UDTPA"), and further denies that Plaintiffs or the putative class are entitled to the damages claimed or relief sought in the Complaint.

67. PRA is without sufficient knowledge or information as to the specific nature of any particular debt to admit or deny the allegations of Paragraph 67 of the Complaint and, therefore, denies the allegations of Paragraph 67.

68. PRA states that N.C.G.S. § 75-1.1 speaks for itself and denies any allegations in Paragraph 68 of the Complaint that are inconsistent therewith. PRA denies that it violated the

UDTPA, and further denies that Plaintiffs or the putative class are entitled to the damages claimed or relief sought in the Complaint.

69. PRA is without sufficient knowledge or information as to the unspecified "acts" referenced in Paragraph 69 of the Complaint to admit or deny the allegations of Paragraph 69 and, therefore, denies the allegations of Paragraph 69.

70. PRA denies the allegations of Paragraph 70 of the Complaint.

71. PRA denies the allegations of Paragraph 71 of the Complaint.

72. PRA denies the allegations of Paragraph 72 of the Complaint.

## AS TO THE PRAYER FOR RELIEF

PRA denies that Plaintiffs or the putative class are entitled to the damages claimed or relief sought in the Complaint. PRA further denies that class certification is appropriate and denies that Plaintiffs or the putative class are entitled to trial by jury or that such is appropriate in this action.

## DEFENSES

PRA states the following defenses to Plaintiffs' Complaint, without assuming the burden of proof on any such defense that would otherwise rest on the Plaintiffs, and reserves the right to amend and/or supplement its responses to Plaintiffs' allegations, as well as these avoidances and defenses, as additional information is obtained through the discovery process or otherwise.

### First Defense
### (Arbitration)

Plaintiffs' and the putative class's claims are or may be inappropriate in this venue to the extent Plaintiffs' accounts or any of those of the absent class members are the subject of a mandatory arbitration clause with a class action waiver. Accordingly, this action should be stayed and the disputes that are the subject of this lawsuit should be ordered to be resolved through individual mandatory arbitration. Arbitration is hereby demanded.

## Second Defense
## (Failure to Mitigate)

Plaintiffs' and the putative class's claims are or may be barred to the extent Plaintiffs or the putative class members failed to mitigate their damages, if any.

## Third Defense
## (Waiver, Ratification, Relinquishment, Abandonment, or Settlement)

Plaintiffs' and the putative class's claims are or may be barred to the extent the claims that comprise this litigation have been the subject of any settlement, Plaintiffs or putative class members consented to the acts or omissions described in the Complaint and/or failed to raise issue with those acts or omissions in a timely manner, waived, relinquished, and abandoned any claims arising from those acts or omissions.

## Fourth Defense
## (Consent)

In the event PRA's use of a professional mail processing agent for automated printing and mailing tasks constitutes a "communication" under the FDCPA and/or NCDCA, Plaintiffs' and the putative class's claims are or may be barred to the extent they consented to the "communication" at issue.

WHEREFORE, PRA respectfully requests that the Court enter judgment in PRA's favor, dismiss the Complaint with prejudice, award PRA all costs and fees incurred herein, and order such further relief this court deems just, necessary, and appropriate.

Dated: August 17, 2021

Respectfully Submitted,

McGuireWoods LLP

*/s/ Brian A. Kahn*
Brian A. Kahn (N.C. Bar No. 29291)
201 North Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone: (704) 343-2351
Facsimile: (704) 444-8869
bkahn@mcguirewoods.com

*Counsel for Defendant*

13

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **August 17, 2021,** a true copy of the foregoing was filed with the Court using the CM/ECF system, which will send notice to the following:

Scott C. Harris, Esq.
Patrick M. Wallace, Esq.
MILBERG COLEMAN BRYSON PHILLIPS CROSSMAN PLLC
900 W. Morgan Street
Raleigh, NC 27603
sharris@milberg.com
pwallace@milberg.com

                */s/ Brian A. Kahn*
                Brian A. Kahn